IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL CIVIL DIVISION

CASE NO. 10-04326 CA 04

CHINASIA, INC., MARIA )
INVESTMENTS, INC. and PHOENICIAN )
IMPORTS, INC. d/b/a AZHAR'S )
ORIENTAL RUGS, )
)
    Plaintiffs, )
)
v. )
)
CENTURY SURETY COMPANY, )
)
    Defendant. )
)
)

Srvd. 2/1/20 10 at 12:55 pm
by   C.M.C  CPS#101
2nd Judicial Circuit of FL

## SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint for Declaratory Relief and Damages in this lawsuit on:

**DEFENDANT:**                          **CENTURY SURETY COMPANY**

By Serving its Registered Agent:    **CHIEF FINANCIAL OFFICER, FLORIDA DEPARTMENT OF FINANCIAL SERVICES**
200 East Gaines Street
Tallahassee, Florida 32399-0300

The Defendant is required to serve written defenses to the Complaint on Plaintiffs' attorneys, named below:

    **Alan T. Dimond, Esq.**
    **GREENBERG TRAURIG, P.A.**
    1221 Brickell Avenue
    Miami, Florida 33131
    Telephone:  (305) 579-0770
    Facsimile:  (305) 579-0717

within 20 calendar days after service of this Summons on the Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter. If Defendant fails to do so, a default will be entered against said Defendant for the relief demanded in the Complaint.

Dated this _____ day of _____, 2010.

Clerk of the Court

JAN 2 5 2010

By: _____
As Deputy Clerk

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL CIVIL DIVISION

CASE NO. 10-04326 CA 04

CHINASIA, INC., MARIA )
INVESTMENTS, INC. and PHOENICIAN )
IMPORTS, INC. d/b/a AZHAR'S )
ORIENTAL RUGS, )
)
    Plaintiffs, )
)
v. )
)
CENTURY SURETY COMPANY, )
)
    Defendant. )
)
)

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

Plaintiffs, Chinasia, Inc., Maria Investments, Inc. and Phoenician Imports, Inc. d/b/a Azhar's Oriental Rugs (collectively, "Phoenician"), sue Defendant, Century Surety Company ("Century"), and allege as follows:

### NATURE OF ACTION

1. This is a civil action for declaratory judgment and damages in excess of $15,000.00, exclusive of interest, costs and attorneys' fees, arising out of a commercial insurance policy provided by Century to Phoenician. A copy of the insurance policy, including declarations and endorsements thereto, is attached hereto as Exhibit "A."

2. Phoenician seeks a declaration from this Court construing the rights and obligations of the parties under the policy, during the period July 17, 2007 to July 17, 2008, in connection with a loss which occurred on June 6, 2008. Phoenician also seeks damages for Century's breach of its contractual obligations to reimburse Phoenician for covered losses.

## PARTIES, JURISDICTION AND VENUE

3. Phoenician is a Texas corporation that owns and operates an oriental rug store in Miami-Dade County, Florida.

4. Century is an insurance company with its principal place of business in Columbus, Ohio.

5. The Court has jurisdiction pursuant to Fla. Stat. § 48.193.

6. Venue is proper in Miami-Dade County pursuant to Fla. Stat. § 47.051, because the causes of action accrued in Miami-Dade County, Florida.

## THE POLICY

7. Century provided Phoenician with a commercial insurance policy (the "Policy"), which provided property and liability protection for covered losses at the property located at 10175 South Dixie Highway, Miami, Florida 33156 (the "Property"), during the period from July 17, 2007 to July 17, 2008.

8. The Policy provided broad coverage for direct physical loss to the Property, including specifically for loss caused by theft.

9. The Policy, including endorsements and declarations, was drafted in whole or substantial part by Century.

10. All conditions precedent under the Policy have been satisfied, waived, excused, do not need to be performed because Century would not be prejudiced by such non-performance, or are otherwise inapplicable.

## LOSS UNDER THE POLICY

11. On June 6, 2008, a theft occurred at the Property (the "Theft"), which resulted in the loss of 250 oriental rugs from the Property. The Theft also caused damages to the Property and the loss of use of the Property.

12. In accordance with the terms of the Policy, Phoenician provided timely and appropriate notice of the Theft and the resulting loss to Century.

13. Century, however, in breach of its obligations under the Policy, refuses to provide coverage to Phoenician with respect to the covered losses suffered as a result of the Theft.

14. Phoenician has performed in a timely fashion all conditions required by the Policy, including declarations and endorsements thereto, following the loss suffered as a result of the Theft on June 6, 2008.

## COUNT I
### Declaratory Judgment

15. Phoenician repeats and incorporates by reference the allegations in paragraphs 1 through 14 above as if set forth in full below.

16. Pursuant to Fla. Stat. §86.021, an actual and justiciable controversy exists between the parties concerning their respective rights and obligations under the Policy.

17. According to the Policy, Century is required to provide coverage to Phoenician with respect to all covered losses incurred on the Property, subject to the appropriate deductible amount and applicable limits of liability.

18. The Theft which occurred on the Property on June 6, 2008, constitutes a covered loss, as defined by the Policy, that occurred during the effective time period of July 17, 2007 through July 17, 2008, making the limits of each respective coverage available to Phoenician, as set forth by the Policy.

19. Century disputes Phoenician's contentions regarding Citizens' obligations under the Policy.

WHEREFORE, Phoenician requests that the following judgment be entered in its favor and against Century:

(a) a declaration from the Court adjudging the rights and obligations of the parties under the Policy issued to Phoenician, providing that Century is required to provide coverage for all losses incurred on the Property as a result of the Theft on June 6, 2008, subject to the appropriate deductible amount and applicable limits of liability;

(b) an award of money damages, in an amount to be determined, together with pre-judgment and post-judgment interest;

(c) an award of costs of suit, including but not limited to attorneys' fees; and

(d) any other relief, including any appropriate equitable relief, as this Court deems just and proper.

## COUNT II
### Breach of Contract

20. Phoenician repeats and incorporates by reference the allegations in paragraphs 1 through 19 above as if set forth in full below.

21. Phoenician has incurred substantial financial loss arising out of the Theft which occurred at the Property on June 6, 2008.

22. All conditions precedent under the Policy have been satisfied, waived, excused, do not need to be performed because Century would not be prejudiced by such non-performance, or are otherwise inapplicable.

23. Century has breached its contract of insurance (*i.e.*, the Policy) by failing or refusing to fully perform its duty to provide full coverage to Phoenician with respect to the losses incurred as a result of the Theft which occurred at the Property on June 6, 2008.

24. As a direct and proximate result of Century's breaches, Phoenician has been deprived of the benefit of the insurance coverage for which it paid a substantial premium, and has incurred damages.

25. As a direct and proximate result of Century's breaches, Phoenician has been forced to incur, and will continue to incur, consequential damages, including but not limited to, attorneys' fees and other expenses, in order to prosecute this action.

WHEREFORE, Phoenician requests that judgment be entered in its favor and against Century as follows:

(a) an award of money damages, in an amount to be determined, together with pre-judgment and post-judgment interest;

(b) an award of costs of suit, including but not limited to attorneys' fees; and

(c) any other relief, including any appropriate equitable relief such as specific performance, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Phoenician demands a jury trial on all issues so triable.

This 22nd day of January, 2010.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Plaintiffs
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

ALLAN T. DIMOND
Florida Bar No. 111017
JOSHUA ALHALEL
Florida Bar No. 0016320

# EXHIBIT A